Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2403
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
SAMUEL KWESI DADJO

E-FILING

ORIGINAL FILED
07 NOV 19 PM 3:50
RICHARD W. WIEKING
U.S. DIST. COURT
N.D. CA. S.F.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

SAMUEL KWESI DADJO,

    Plaintiff,

v.

ENCORE RECEIVABLE MANAGEMENT, INC., a Kansas corporation,

    Defendant.

Case No. C07-05856 MEJ

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*

Plaintiff, SAMUEL KWESI DADJO (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

**I. INTRODUCTION**

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

**II. JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Alameda County.

### V. PARTIES

6. Plaintiff, SAMUEL KWESI DADJO (hereinafter "Plaintiff"), is a natural person residing in Alameda County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7. Defendant, ENCORE RECEIVABLE MANAGEMENT, INC. (hereinafter "ENCORE"), is a Kansas corporation engaged in the business of collecting debts in this state with its principal place of business located at: 400 North Rogers Road, Olathe, Kansas 66062-1212. ENCORE may be served as follows: Encore Receivable Management, Inc., c/o STK Registered Agent, Inc., 9225 Indian Creek Parkway, Suite 1100, Overland Park, Kansas 66210-2029. The principal purpose of ENCORE is the collection of debts using the mails and telephone, and ENCORE regularly attempts to collect debts alleged to be due another. ENCORE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

### VI. FACTUAL ALLEGATIONS

8. On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, (hereinafter "the debt"). The debt was incurred primarily for personal, family or

household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

9. Sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10. Thereafter, Defendant made several telephone calls to Plaintiff which were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. On or about April 10, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> Please press 1 now. If this is not Sam Dadjo, please press 2 now. We have a very important call for Sam. This is not a telemarketing call.

12. On or about April 11, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> We have a very important call for Sam. This is . . .

13. On or about April 11, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> Please contact Mr. Roche at 866-802-6985 regarding an important personal business matter. Again, this is Mr. Roche at 866-802-6985. I look forward to hearing from you.

14. On or about April 12, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> Please contact Mr. Roche at 866-802-6985 regarding an important personal business matter. Again, this is Mr. Roche at 866-802-6985. I look forward to hearing from you.

15. On or about April 13, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> Please contact Mr. Roche at 866-802-6985 regarding an important personal business matter. Again, this is Mr. Roche at 866-802-6985. I look forward to hearing from you.

16. On or about April 14, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

1 | Please contact Mr. Roche at 866-802-6985 regarding an important personal business matter. Again, this is Mr. Roche at 866-802-6985. I look forward to hearing from you.

2 |

3 | 17. On or about April 17, 2007, Defendant recorded the following automated

4 | message on Plaintiff's answering machine:

5 | Please contact Mr. Roche at 866-802-6985 regarding an important personal business matter. Again, this is Mr. Roche at 866-802-6985. I look forward to hearing from you.

6 |

7 | 18. On or about April 17, 2007, Defendant recorded the following automated

8 | message on Plaintiff's answering machine:

9 | . . . a sales or marketing phone call. Please press the 9 key now to retrieve your important message or call us back at 1-866-802-6985. Thank you. Hello. This is an important message for Sam K. Dadjo. This is not a sales or marketing phone call. Please press the 9 key now to retrieve your important message or call us back at 1-866-802-6985. Thank you.

12 | 19. On or about April 18, 2007, Defendant recorded the following automated

13 | message on Plaintiff's answering machine:

14 | This is not a sales or marketing phone call. Please press the 9 key now to retrieve your important message or call us back at 866-802-69 . . .

16 | 20. On or about April 18, 2007, Defendant recorded the following automated

17 | message on Plaintiff's answering machine:

18 | Please contact Mr. Roche at 866-802-6985 regarding an important personal business matter. Again, this is Mr. Roche at 866-802-6985. I look forward to hearing from you.

20 | 21. On or about April 19, 2007, Defendant recorded the following automated

21 | message on Plaintiff's answering machine:

22 | Please contact Mr. Roche at 866-802-6985 regarding an important personal business matter. Again, this is Mr. Roche at 866-802-6985. I look forward to hearing from you.

24 | 22. On or about April 19, 2007, Defendant recorded the following automated

25 | message on Plaintiff's answering machine:

26 | . . . sales or telemarketing phone call. To retrieve this important message, press the 5 key now or call us back 1-866-802-6985. That number again, is 1-866-802-6985. Thank you. Hello.

28 | 23. On or about April 30, 2007, Defendant recorded the following automated

-4-
COMPLAINT

message on Plaintiff's answering machine:

> Please contact Mr. Roche at 866-802-6985 regarding an important personal business matter. Again, this is Mr. Roche at 866-802-6985. I look forward to hearing from you.

24. Defendant's answering machine messages were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

25. Defendant failed to disclose Defendant's identity and the nature of Defendant's business in its answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

26. Defendant failed to disclose that the answering machine messages were communications from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

27. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff.

28. Defendant caused Plaintiff's telephone to ring with such frequency as to be unreasonable and constitute harassment to Plaintiff under the circumstances.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

30. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 28 above.

31. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

32. Defendant, ENCORE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

33. The financial obligation owed by Plaintiff is a "debt" as that term is defined

1  by the FDCPA, 15 U.S.C. § 1692a(5).

2      34.    Defendant's answering machine messages described above violate the FDCPA. The violations include, but are not limited to, the following:

    a.    Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5);

    b.    Defendant caused Plaintiff's telephone to ring with such frequency as to be unreasonable and constitute harassment to Plaintiff under the circumstances, in violation of 15 U.S.C. § 1692d(5);

    c.    Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6); and

    d.    Defendant failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11).

35.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

36.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

37.    Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

38.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 36 above.

39.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

40.    Defendant, ENCORE, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

41.    The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

42. Defendant's answering machine messages described above violate the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(d);

    b. Defendant caused Plaintiff's telephone to ring with such frequency as to be unreasonable and constitute harassment to Plaintiff under the circumstances, in violation of 15 U.S.C. § 1692d(5), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(e);

    c. Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(b);

    d. Defendant failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated by Cal. Civil Code § 1788.17.

43. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

44. As a result of the Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

45. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

46. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and

1  15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

2  47.  Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendant's answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(5), 1692d(6) and 1692e(11);

c. Declare that Defendant's answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b), 1788.11(d), 1788.11(e) and 1788.17;

d. Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

f. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

g. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

h. Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
    Fred W. Schwinn, Esq.
    Attorney for Plaintiff
    SAMUEL KWESI DADJO

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SAMUEL KWESI DADJO, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.