1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   SAMUEL KWESI DADJO

6

7

8              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                    SAN FRANCISCO DIVISION

10 SAMUEL KWESI DADJO,                    Case No.  C07-05856-SC

11                    Plaintiff,

12 v.                                     **JOINT CASE MANAGEMENT
                                          STATEMENT AND FEDERAL RULE
13 ENCORE RECEIVABLE MANAGEMENT,          OF CIVIL PROCEDURE 26(f)
   INC., a Kansas Corporation,            DISCOVERY PLAN**

14
                      Defendant.          Date:      Not Set
15                                         Time:      Not Set
                                          Judge:     Honorable Samuel Conti
16                                         Courtroom: 1, 17th Floor
                                          Place:     450 Golden Gate Avenue
17                                                    San Francisco, California

18

19         The parties in the above-entitled action hereby submit this Joint Case Management Statement

20 and Federal Rule of Civil Procedure 26(f) Discovery Plan for the initial case management

21 conference.  The parties jointly request that the Court enter a Case Management Order in this case

22 without a Case Management Conference.

23         **1.      Jurisdiction and Service**

24         The basis for the Court's subject matter jurisdiction is federal question jurisdiction.  No

25 parties remain to be served.

26         **2.      Statement of Facts**

27                 **a.      Plaintiff's Statement**

28         This case is brought by an individual consumer to address Defendant's violations of the Fair

                                        -1-
JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN       Case No.  C07-05856-SC

1    Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") and of the Rosenthal

2    Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter

3    "RFDCPA").  The violations stem from Defendant's communications attempting to collect a

4    consumer debt from Plaintiff.

5        Generally, Plaintiff is alleged to have owed a consumer debt which was sold, assigned or

6    otherwise transferred to Defendants.  Thereafter, Defendants made several telephone calls to

7    Plaintiff which were each a communication in an attempt to collect a debt.

8        During the 20 day period from April 10 to 30, 2007, Defendant recorded thirteen (13)

9    messages on Plaintiff's answering machine.  The content of these messages is fully detailed in

10   Plaintiff's Complaint.  Plaintiff contends that Defendant failed to disclose Defendant's identity and

11   the nature of Defendant's business in its answering machine messages, in violation of 15 U.S.C. §

12   1692d(6) and Cal. Civil Code § 1788.11(b).  See *Hosseinzadeh v. M.R.S. Associates, Inc.,* 387 F.

13   Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

14       Plaintiff contends that Defendant failed to disclose that the answering machine messages

15   were communications from a debt collector, in violation of 15 U.S.C. § 1692e(11).  See

16   *Hosseinzadeh v. M.R.S. Associates, Inc.,* 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO*

17   *Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

18       Plaintiff contends that Defendant caused Plaintiff's telephone to ring repeatedly or

19   continuously with the intent to annoy, abuse or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5)

20   and Cal. Civil Code § 1788.11(d).

21       Finally, Plaintiff contends that Defendant caused Plaintiff's telephone to ring with such

22   frequency as to be unreasonable and constitute harassment to Plaintiff under the circumstances, in

23   violation of 15 U.S.C. § 1692d(5) and Cal. Civil Code § 1788.11(e).

24           **b.    Defendant's Statement**

25       Defendant contends it engaged in debt collection activities with respect to Plaintiff Dadjo,

26   and that all debt collection activities were compliant with all provisions of the Federal Fair Debt

27   Collection Practices Act ("FDCPA") and the California Rosenthal Act (Civil Code § 1788 et seq.)

28   Defendant denies that the messages it left with Plaintiff violated the law.  Defendant also denies that

-2-

it failed to disclose that the messages that it left with Plaintiff were "communications" under the law. Defendant also denies that it caused plaintiff's phone to ring in such a manner to be annoying or harassing.

Defendant specifically contends that it did not violate 15 U.S.C. § 1692e(11) or 15 U.S.C. § 1692d(5) or Civil Code § 1788.11(d) or California Civil Code § 1788.11(e). Defendant also denies that Plaintiff is entitled to damages from Defendant in any regard, and specifically pursuant to 15 U.S.C. § 1692k(a)(2)(A), California Civil Code § 1788.30(b), damages pursuant to California Civil Code § 1788.17, or costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and California Civil Code §§ 1788.30(c) and 1788.17.

**3.  Legal Issues**

The principal legal issues which the parties dispute:

      a.      Whether Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3);

      b.      Whether Plaintiff is a "debtor" as that term is defined by Cal. Civil Code § 1788.2(h);

      c.      Whether Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6);

      d.      Whether Defendant is a "debt collector" as that term is defined by Cal. Civil Code § 1788.2(c);

      e.      Whether the financial obligation allegedly owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5);

      f.      Whether the financial obligation allegedly owed by Plaintiff is a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f);

      g.      Whether Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5) and Cal. Civil Code §§ 1788.11(d) and 1788.17;

      h.      Whether Defendant caused Plaintiff's telephone to ring with such frequency as to be unreasonable and constitute harassment to Plaintiff under the

circumstances, in violation of 15 U.S.C. § 1692d(5) and Cal. Civil Code §§ 1788.11(e) and 1788.17;

      i.    Whether Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b); and

      j.    Whether Defendant failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11) and Cal. Civil Code § 1788.17.

**4.    Motions**

There are no motions pending at this time, however, the Parties will likely file motions for summary judgment or partial summary judgment.

**5.    Amendment of Pleadings**

At this time, Plaintiff does not anticipate amending the Complaint.  Plaintiff reserves the right to seek leave of the Court to file an amended Complaint should Plaintiff discover additional facts or claims.

**6.    Evidence Preservation**

Plaintiff will propose a protective order to govern production of confidential material in the litigation.

Defendant has directed its relevant employees to preserve all documents, in paper or electronic form, related to the subject matter if this case.

**7.    Disclosures**

    **a.    Plaintiff's Statement**

Plaintiff served formal written disclosures on February 7, 2008, as required by Fed. R. Civ. P. 26(a)(1).

    **b.    Defendant's Statement**

Defendant will serve its written disclosures on February 21, 2008.

**8.    Discovery**

**Plaintiff's Discovery:**  Plaintiff will serve Interrogatories and Requests for Production of

-4-

Documents shortly.  At this time and without the benefit of Defendant's initial disclosures, Plaintiff anticipates that he may require up to 10 depositions in this matter.

**Defendant's Discovery:**

Defendant will serve interrogatories and Request for Production of Documents.  Defendant will also require the deposition of Plaintiff.  Defendant may require additional depositions depending on the information revealed in discovery, the initial disclosures and in on-going communications between the parties' counsel.

**9.      Class Actions**

This case is not a class action.  Plaintiff reserves the right to seek leave of the Court to file an amended Complaint containing class allegations.

**10.     Related Cases**

The parties are not aware of any related cases at this time.

**11.     Relief**

**a.      Plaintiff's Statement**

Plaintiff requests that this Court:

    i. Declare that Defendant's answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(5), 1692d(6) and 1692e(11);

    ii. Declare that Defendant's answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b), 1788.11(d), 1788.11(e) and 1788.17;

    iii. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    iv. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

    v. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17;

          vi.       Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

          vii.      Award Plaintiff such other and further relief as may be just and proper.

**b.**     **Defendant's Statement**

Defendant requests that this Court determine the following:

          i.        That Defendant did not violate any provision of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and that Defendant did not violate any provision of the California Rosenthal Act, California Civil Code § 1788 et seq.

          ii.       That Defendant's answering machine messages did not violate any provision of the California Civil Code § 1788 et seq.

          iii.      That Defendant's answering machine messages did not violate any provision of the Fair Debt Collection Practices Act.

          iv.      For Judgment in favor of Defendant and against Plaintiff.

          v.        For a Judgment that Plaintiff is not entitled to any statutory penalties under the Fair Debt Collection Practices Act or the California Rosenthal Act, and declare that Plaintiff is not entitled to reasonable attorneys' fees or costs, under either the Fair Debt Collection Practices Act or the California Rosenthal Act.

          vi.       For Judgment that Defendant is entitled to its fees and costs incurred in the action.

**12.**    **Settlement and ADR**

The parties have filed a Stipulation and Proposed Order selecting Mediation as the ADR process in this case.

**13.**    **Consent to Magistrate Judge for All Purposes**

Plaintiff has consented to a Magistrate Judge for all purposes.  Defendant declined consent

-6-

1  to a Magistrate Judge for all purposes.

2      **14.    Other References**

3      None at this time.

4      **15.    Narrowing of Issues**

5      The Parties anticipate that resolution of motions may narrow the issues for determination.

6      **16.    Expedited Schedule**

7      The parties do not believe that an expedited schedule is necessary.

8      **17.    Scheduling**

9      Initial Case Management Conference        Not Set

10     Close of Fact Discovery                  October 31, 2008

11     Fed. R. Civ. P. 26(a)(3) Disclosures     November 14, 2008

12     Last Day to File Dispositive Motions     December 5, 2008

13     Final Pre-Trial Conference               February, 2009

14     Jury Trial                               March, 2009

15     **18.    Trial**

16     The parties anticipate that the action can be ready for trial in March 2009.

17     Estimated length of trial is 2-3 days.

18     **19.    Disclosure of Non-Party Interested Entities or Persons**

19         **a.    Plaintiff's Statement**

20     Pursuant to Civil L.R. 3-16, Plaintiff states, on information and belief, that the following

21 listed persons, associations of persons, firms, partnerships, corporations (including parent

22 corporations) or other entities (i) have a financial interest in the subject matter in controversy or in

23 a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that

24 could be substantially affected by the outcome of this proceeding:

25                 i.    Samuel Kwesi Dadjo, an individual residing in Hayward, California.

26         **b.    Defendant's Statement**

27     Pursuant to Civil L.R. 3-16, Defendants state, on information and belief, that the following

28 listed persons, associations of persons, firms, partnerships, corporations (including parent

-7-

1    corporations) or other entities (i) have a financial interest in the subject matter in controversy or in

2    a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that

3    could be substantially affected by the outcome of this proceeding:

4                    i.      Encore Receivable Management, Inc.

5    **20.    Other Matters**

6    None at this time.

7

8    Dated: _February 20, 2008_          /s/ Fred W. Schwinn
9                                            Fred W. Schwinn, Esq.
                                        Attorney for Plaintiff
10                                            SAMUEL KWESI DADJO

11    Dated: _February 20, 2008_          /s/ David J. Kaminski
                                        David J. Kaminski, Esq.
12                                            Attorney for Defendant
                                        ENCORE RECEIVABLE
13                                            MANAGEMENT, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN      Case No.  C07-05856-SC