1  DAVID J. KAMINSKI, ESQ., (SBN #128509)
   STEPHEN A. WATKINS, ESQ. (SBN #205175)
2  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
3  Los Angeles, California 90045
   (310) 242-2200 Telephone
4  (310) 242-2222 Facsimile

5  Attorneys for Defendant,
   ENCORE RECEIVABLE MANAGEMENT, INC.
6

7

8                  UNITED STATES DISTRICT COURT

9    FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

10

11 | SAMUEL KWESI DADJO,              ) CASE NO. C 07 05856 SC
12 |                                  ) [Complaint Filed: 11/19/07]
   |                  Plaintiff,      )
13 |                                  ) **INITIAL DISCLOSURES**
   | vs.                              )
14 |                                  ) Judge: Hon. Samuel Conti
   | ENCORE RECEIVABLE                ) Courtroom 1
15 | MANAGEMENT, INC., a Kansas       )
   | corporation,                     )
16 |                                  )
   |                  Defendant.      )
17 |                                  )
   |                                  )
18 |                                  )
   |                                  )
19 |                                  )

20
        Defendant ENCORE RECEIVABLE MANAGEMENT, INC.("Defendant"), through its
21
   respective counsel of record, David J. Kaminski, Esq. of Carlson & Messer LLP, submits the
22
   following initial disclosures, as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.
23
   Defendant reserves the right, in accordance with Rule 26(e)(1) of the Federal Rules of Civil
24
   Procedure, to amend or supplement these disclosures as discovery progresses.
25
   ///
26
   ////
27
   ////
28
   ////

05704.00:141861                         1
                              INITIAL DISCLOSURES                   CASE NO. C07 05856 SC

## GENERAL OBJECTIONS

1. Privileged information. Defendant reserves the right to object to the disclosure of information to the extent that such information is protected by the attorney-client privilege, or any other applicable privilege, on the grounds that such matters are exempted from discovery.

2. Work Product. Defendant reserves the right to object to the disclosure of information to the extent that such information is not discoverable by reason of the work-product or trial-preparation doctrine.

3. Relevancy. Defendant reserves the right to object to the disclosure of information that is not relevant to any claim or defense.

## DISCLOSURES

**A.  List Of Individuals Likely To Have Discoverable Information Relevant To Disputed Facts Alleged In The Pleadings And The Subject Matter Of The Information**

1. Various representatives on behalf of Defendant Encore Receivable Management, Inc., 400 North Rodgers Road, Olathe, Kansas 66062-1222.

2. Plaintiff Samuel Kwesi Dadjo. Mr. Dadjo is expected to testify about the factual basis for the allegations in his complaint, his contacts with the Defendant, and his damages.

3. Expert Testimony as Needed. Defendant may seek to use expert testimony, but has not consulted nor retained any experts at this time.

Defendant reserves the right to supplement these disclosures and to add any person(s) necessary to establish the claims or defenses alleged in their pleadings.

**B.  Description By Category And Location Of Documents, Data Compilations, and Tangible Things That Defendants May Use To Support Their Claims Or Defenses.**

Pursuant to Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure, Defendant states that it may use the following documents or categories of documents, excluding any document that is privileged, to support their claims or defenses:

1. Copies of documents in Defendant's files relating to the collection action against the Plaintiff, including collection notes; and

///

05704.00:141861

2

INITIAL DISCLOSURES                                    CASE NO. C07 05856 SC

2.    Copies of documents and other tangible items produced by Plaintiff to the extent relevant to Defendant's defense to Plaintiff's claims.

To the extent that the documents above are in Defendant's possession, these documents will be made available for inspection and copying upon reasonable notice.

Defendant does not make any representations with respect to the relevance of any documents, nor does it waive the right to object to the production of documents in these categories for any reason, including, but not limited to, that a request for production of such documents would be overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant reserves the right to supplement these disclosures and to add any document(s) or physical evidence necessary to establish the claims or defenses alleged in their pleadings.

**C.**   **Computation Of Damages**

Defendant presently does not seek damages.

**D.**   **Insurance Agreements**

Defendant will produce for inspection and copying, upon demand, the Declaration page of the Insurance Agreements under which any insurance company may be liable to satisfy all or any judgment which may entered against Defendant or to reimburse Defendant for any payments made to satisfy any such judgment, to the extent relevant and applicable.

DATED: February 21, 2008

CARLSON & MESSER LLP

By _____
David J. Kaminski, Esq.
Stephen A. Watkins, Esq.
Attorneys for Defendant,
ENCORE RECEIVABLE MANAGEMENT, INC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA           )
                              ) ss.
COUNTY OF LOS ANGELES         )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. my business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, California 90045.

On **February 21, 2008**, I served the foregoing document(s) described as **INITIAL DISCLOSURES** on all interested parties in this action by:

**SEE ATTACHED SERVICE LIST**

[ ]   **BY ELECTRONIC MAIL**: Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ X ]   **BY MAIL**: I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[]   **BY FACSIMILE**: On the date set forth below, at approximately _____., I transmitted the above document(s) from facsimile machine number (310)242-2222, in compliance with transmission as provided in California Rule of Court 2008. The fax number(s) that I used are shown above or on the attached Service List, along with the names of recipients and the interested parties. The Facsimile Machine I used complied with California Rule of Court 2003(3). The transmission was reported as complete and without error by the machine, which properly issued the transmission report.

[ ]   **BY PERSONAL SERVICE BY HAND**: I personally served said document(s) on the date set forth below, by personally hand serving the aforementioned document to (See Service List)

[]   **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[x]   **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **21st day of February, 2008**, at Los Angeles, California.

*/s/ Linda Brooks*
Linda Brooks

---

1

PROOF OF SERVICE

SERVICE LIST
Samuel Kwest Dadjo v. Encore Receivable Management, Inc.
Our File No . 05704.00

| | |
|---|---|
| Fred W. Schwinn, Esq.<br>CONSUMER LAW CENTER, INC.<br>12 South First Street, Suite 416<br>San Jose, CA 95113-2404<br>Phone: (408) 294-6100<br>Fax: (408) 294-6190 | **Attorneys for Plaintiff SAMUEL KWEST DADJO** |