1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   SAMUEL KWESI DADJO

6

7

8           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                SAN FRANCISCO DIVISION

10 SAMUEL KWESI DADJO,                    Case No.  C07-05856-SC

11                      Plaintiff,

12 v.                                     **MEMORANDUM OF POINTS AND
                                          AUTHORITIES IN SUPPORT OF
13 ENCORE RECEIVABLE MANAGEMENT,          MOTION FOR PARTIAL SUMMARY
   INC., a Kansas corporation,            JUDGMENT**

14
                                          Date:        September 19, 2008
15                      Defendant.        Time:        10:00 a.m.
                                          Judge:       Honorable Samuel Conti
16                                        Courtroom:   1, 17th Floor
                                          Place:       450 Golden Gate Ave
17                                                     San Francisco, California

18         COMES NOW the Plaintiff, SAMUEL KWESI DADJO, by and through his attorney Fred

19 W. Schwinn of the Consumer Law Center, Inc., and hereby submits his Memorandum of Points and

20 Authorities in Support of Motion for Partial Summary Judgment filed herein.

21

22

23

24

25

26

27

28

---

MEMORANDUM OF POINTS AND AUTHORITIES                        Case No.  C07-05856-SC

**TABLE OF CONTENTS**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

FACTS OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STATEMENT OF QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A.    THE "LEAST SOPHISTICATED CONSUMER" STANDARD IS USED TO ANALYZE VIOLATIONS OF THE FDCPA . . . . . . . . . . . . . . . . . . . . . . . . 6

    B.    UNDER THE STRICT LIABILITY STANDARD OF THE FDCPA, PLAINTIFF HAS PLED NUMEROUS VIOLATIONS OF THE ACT, AS SEEN FROM THE PERSPECTIVE OF THE "LEAST SOPHISTICATED CONSUMER" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        1.    DEFENDANT FAILED TO DISCLOSE DEFENDANT'S IDENTITY AND THE NATURE OF DEFENDANT'S BUSINESS, IN VIOLATION OF 15 U.S.C. § 1692d(6). . . . . . . . . . . . . . . . . . . . . 9

        2.    DEFENDANT FAILED TO DISCLOSE THAT THE COMMUNICATIONS WERE FROM A DEBT COLLECTOR, IN VIOLATION OF 15 U.S.C. § 1692e(11). . . . . . . . . . . . . . . . . . . . . . 10

    C.    DEFENDANT HAS VIOLATED THE RFDCPA. . . . . . . . . . . . . . . . . . . . . . 11

        1.    DEFENDANT HAS VIOLATED CAL. CIVIL CODE § 1788.17. . . . . 11

        2.    DEFENDANT HAS VIOLATED CAL. CIVIL CODE § 1788.11(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    D.    THIS COURT SHOULD AWARD PLAINTIFF THE MAXIMUM STATUTORY DAMAGE AMOUNT OF $1,000 UNDER THE FDCPA . . . . . 12

    E.    PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL CODE § 1788.30(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    F.    PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL CODE § 1788.17. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    G.    BOTH CONGRESS AND THE CALIFORNIA LEGISLATURE HAVE EXPRESSED THEIR INTENT THAT THE REMEDIES FOR

1

VIOLATIONS OF THE FDCPA AND RFDCPA BE CUMULATIVE.  . . . . . . 13

H.    PLAINTIFF HAS A STATUTORY RIGHT TO ATTORNEY'S FEES AND
        COSTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

### <u>CASES</u>

3   *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541 (N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . 14

4   *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061 (N.D. Cal. 2004). . . . . . . . . . . . . . . . . . . . 14

5   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986). . . . 4, 5

6   *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

7   *Baker v. G.C. Services*, 677 F.2d 775 (9th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9

8   *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. July 14, 2006) . . . . . 10

9   *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993) . . . . . . . . . . . . . . . . . 7, 8, 9

10  *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . 4

11  *Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

12  *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). . . . . . . . . . . 5

13  *Chapman v. ACB Business Services*, Inc.,
    1997 U.S. Dist. LEXIS 23743 (S.D. W.V. February 13, 1997). . . . . . . . . . . . . . . . . . . . . . . . . . 14
14
    *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8
15
    *Costa v. Nat'l Action Fin. Servs.*, 2007 U.S. Dist. LEXIS 93230
16  (E.D. Cal. Dec. 19, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12

17  *De Coito v. Unifund Corp.*,
18  2004 U.S. Dist. LEXIS 23729 (D. Haw. January 4, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    *Dutton v. Wolpoff & Abramson*, 5 F.3d 649 (3rd Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
19
    *Edstrom v. A.S.A.P. Collection Services*,
20  2005 U.S. Dist. LEXIS 2773, (N.D. Cal. February 22, 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . 14

21  *EEOC v. Farmer Bros. Co.,* 31 F.3d 891 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

22  *Emanuel v. American Credit Exchange*, 870 F.2d 805 (2nd Cir. 1989) . . . . . . . . . . . . . . . . . . . 10

23  *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643 (S.D. N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . 10

24  *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

25  *Hartman v. Meridian Financial Services, Inc.*,
    191 F. Supp. 2d 1031 (W.D. Wis. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
26
    *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005) . . . . . 10, 11, 12
27
    *Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
28

*Joseph v. J.J. Mac Intyre Companies, LLC*,
281 F. Supp. 2d 1156 (N.D. Cal. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

*Leyse v. Corporate Collection Servs*, 2006 U.S. Dist. LEXIS 67719
(S.D.N.Y. Sept. 18, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Mann v. Acclaim*, 348 F. Supp. 2d 923 (S.D. Ohio 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Perez v. Perkiss*, 742 F. Supp. 883 (D. Del. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446 (8th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Pipiles v. Credit Bureau*, Inc., 886 F.2d 22 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Pittman v. J.J. Mac Inttyre Co. of Nevada, Inc.*,
969 F. Supp. 609 (D. Nev. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Rieber v. Kovelman (In re Kovelman)*, 1995 U.S. App. LEXIS 8487
(9th Cir. April 6, 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Riveria v. MAB Collections*, 682 F. Supp. 174 (W.D.N.Y. 1988). . . . . . . . . . . . . . . . . . . . 7, 8, 12

*Romine v. Diversified Collection Servs.*, 155 F.3d 1142 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . 8

*Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

*Sakuma v. First National Credit Bureau*,
1989 U.S. Dist. LEXIS 19120 (D. Haw. November 15, 1989) . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Schneider v. TRW, Inc.*, 938 F.3d 986 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Stockton Wire Products, Inc. v. K-Lath Corp.*, 440 F.2d 782 (9th Cir. 1971). . . . . . . . . . . . . . . 4

*Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319 (E.D. Mich. 1992) . . . . . . . . . . . . 7

*Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222 (9th Cir. 1988) . . . . . . . . . . . . . . . . . 7

*Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997) . . . . . . . . . . . . 8, 9

*Terran v. Kaplan*, 109 F.3d 1428 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Tolentino v. Friedman*, 46 F.3d 645 (7th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100 (D. Conn. Sept. 15, 1989) . . . . . . . . . . . . . 9

*Turner v. Cook*, 362 F.3d 1219 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n*,
809 F.2d 626 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States. v. National Financial Services*, 98 F.3d 131 (4th Cir. 1996) . . . . . . . . . . . . . . . . . 7

*United States v. Trans Continental Affiliates*,
1997 U.S. Dist. LEXIS 388 (N.D. Cal. January 8, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Zagorski v. Midwest Billing Services, Inc.*, 178 F.3d 116 (7th Cir. 1997) . . . . . . . . . . . . . . . . . 14

**STATUTES**

15 U.S.C. § 1692(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

15 U.S.C. § 1692d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 1692d(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15 U.S.C. § 1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 1692e(11) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

15 U.S.C. § 1692f . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 1692g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 1692k(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

15 U.S.C. § 1692k(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

15 U.S.C. § 1692n. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Cal. Civil Code § 1788.2(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cal. Civil Code § 1788.11(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cal. Civil Code § 1788.17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cal. Civil Code § 1788.30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Cal. Civil Code § 1788.30(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Cal. Civil Code § 1788.30(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Cal. Civil Code § 1788.32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**RULES**

Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 56(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## I.  INTRODUCTION

This case was brought by SAMUEL KWESI DADJO (hereinafter "Plaintiff") against a debt collection agency, ENCORE RECEIVABLE MANAGEMENT, INC., (hereinafter "Defendant"). Plaintiff alleges various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788, *et seq.* (hereinafter "RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.  Plaintiff seeks statutory damages, attorney fees and costs under the FDCPA and RFDCPA.

This case arises out of several answering machine messages that Defendant recorded on Plaintiff's answering machine.  The debt being collected was used for personal, family or household purposes.  Plaintiff alleges that Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse or harass Plaintiff.  Plaintiff alleges that Defendant caused Plaintiff's telephone to ring with such frequency as to be unreasonable and constitute harassment to Plaintiff under the circumstances.  Plaintiff alleges that Defendant failed to disclose its identity and the nature of its business.  Plaintiff also alleges that Defendant failed to disclose that the communications were from a debt collector.

Plaintiff hereby moves for partial summary judgment on his claims for violation of 15 U.S.C. §§ 1692d(6) and 1692e(11), and Cal. Civil Code §§ 1788.11(b) and 1788.17.  Plaintiff reserves his claims under 15 U.S.C. § 1692d(5) and Cal. Civil Code §§ 1788.11(d) for later determination by the jury, should the Court award less than the maximum in statutory damages and statutory penalties.

## II.  PROCEDURAL HISTORY

On November 19, 2007, Plaintiff filed his <u>Complaint</u> in this action against Defendant.[1] Thereafter, Defendant filed its <u>Answer</u> on January 15, 2008.[2]   On February 20, 2008, Plaintiff

---

[1]  Doc. 1.

[2]  Doc. 3.

1    propounded Requests for Admission[3] and Requests for Production of Documents[4] on Defendant,

2    Encore Receivable Management, Inc.   On April 3, 2008, Defendant served its responses to

3    Plaintiff's Requests for Admission[5] and Request for Production of Documents.[6]

4         On August 15, 2008, Plaintiff's Motion for Partial Summary Judgment was filed herein.

5    This Memorandum of Points and Authorities is submitted in support thereof.

6                          **III.  FACTS OF THE CASE**

7         Plaintiff,  SAMUEL KWESI DADJO, is a "consumer" within the meaning of 15 U.S.C. §

8    1692a(3),[7] and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).[8]  Defendant, ENCORE

9    RECEIVABLE MANAGEMENT, INC., is a Kansas corporation engaged in the business of

10   collecting consumer debts.[9]

11        On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation for personal,

12   family or household purposes, which is therefore a "debt" as that term is defined by 15 U.S.C. §

13   1692a(5),[10] and Cal. Civil Code § 1788.2(f).[11]  Sometime thereafter, the debt was sold, assigned or

14   otherwise transferred to Defendant for collection from Plaintiff.[12]

15        Between the dates April 10, 2007, and April 30, 2007, Defendant recorded several automated

16

17        [3]  Doc. 13;  <u>Declaration of Fred Schwinn in Support of Motion for Partial Summary Judgment</u> ¶ 3 (hereinafter "<u>Schwinn Declaration</u>") and Exhibit "1."

18

19        [4]  Doc. 13;  <u>Schwinn Declaration</u> ¶ 5 and Exhibit "3."

20        [5]  <u>Schwinn Declaration</u> ¶ 4 and Exhibit "2."

21        [6]  <u>Schwinn Declaration</u> ¶ 6 and Exhibit "4."

22        [7]  <u>Complaint</u> (Doc. 1) ¶¶ 6 and 22; <u>Declaration of Samuel Kwesi Dadjo in Support of Motion for Summary Judgment</u> (hereinafter "<u>Dadjo Declaration</u>") ¶¶ 3 and 4.

23

24        [8]  <u>Complaint</u> (Doc. 1) ¶¶ 6 and 39;  <u>Dadjo Declaration</u> ¶¶ 3 and 4.

25        [9]  <u>Complaint</u> (Doc. 1) ¶ 7; <u>Schwinn Declaration</u>, Exhibit "2" Nos. 3, 4, and 5.

26        [10]  <u>Dadjo Declaration</u> ¶ 4.

27        [11]  <u>Dadjo Declaration</u> ¶ 4.

28        [12]  <u>Schwinn Declaration</u> Exhibit "4" No. 24 and E000001 - E000026.

MEMORANDUM OF POINTS AND AUTHORITIES  -2-                    Case No.  C07-05856-SC

1   messages on Plaintiff's answering machine.[13]  On April 11, 12, 13, 14, 17, 18, 19, and 30, 2007,

2   Defendant recorded the following automated message on Plaintiff's answering machine.

3

> "Please contact Mr. Roche at 866-802-6985 regarding an important personal
> business matter.  Again, this is Mr. Roche at 866-802-6985.  I look forward to
4      hearing from you."[14]

5      In addition to these answering machine messages, Defendant recorded several other

6   messages on Plaintiff's answering machine, as described below.

7      On April 10, 2007, Defendant recorded an automated message on Plaintiff's answering

8   machine which stated, "Please press 1 now.  If this is not Sam Dadjo, please press 2 now.  We have

9   a very important call for Sam.  This is not a telemarketing call."[15]

10      On April 11, 2007, Defendant recorded the following automated message on Plaintiff's

11   answering machine.  "We have a very important call for Sam.  This is."[16]

12      On April 17, 2007, Defendant recorded the following automated message on Plaintiff's

13   answering machine.

14

> "a sales or marketing phone call.  Please press the 9 key now to retrieve your
> important message or call us back at 1-866-802-6985.  Thank you.  Hello.  This is
15      an important message for Sam K. Dadjo.  This is not a sales or marketing phone call.
> Please press the 9 key now to retrieve your important message or call us back at 1-
16      866-802-6985.  Thank you."[17]

17      On April 18, 2007, Defendant recorded the following automated message on Plaintiff's

18   answering machine.  "This is not a sales or marketing phone call.  Please press the 9 key now to

19   retrieve your important message or call us back at 866-802-69."[18]

20      On April 19, 2007, Defendant recorded the following automated message on Plaintiff's

21

22     [13] <u>Dadjo Declaration</u> ¶¶ 5-18.

23

24     [14] <u>Dadjo Declaration</u> ¶¶ 8, 9, 10, 11, 12, 15, 16, and 18.

25     [15] <u>Dadjo Declaration</u> ¶ 6.

26     [16] <u>Dadjo Declaration</u> ¶ 7.

27     [17] <u>Dadjo Declaration</u> ¶ 13.

28     [18] <u>Dadjo Declaration</u> ¶ 14.

1   answering machine.

2   ". . . sales or marketing phone call.  To retrieve this important message, press the 5
    key now or call us back 1-866-802-6985.  That number again, is 1-866-802-6985.
3   Thank you.  Hello."[19]

4                        **IV.  STANDARD OF REVIEW**

5          The standard of review for a motion for summary judgment is that the moving party is

6   entitled to summary judgment when the evidence shows that there is no genuine issue of material

7   fact, and that the moving party is entitled to judgment as a matter of law.[20]   The Court must

8   determine "whether there is the need for a trial–whether, in other words, there are any genuine

9   factual issues that properly can be resolved only by a finder of fact because they may reasonably be

10  resolved in favor of either party."[21]   "Only disputes over facts that might affect the outcome of the

11  suit under governing law will . . . preclude summary judgment."[22]  When the record taken as a whole

12  would not persuade a rational trier of fact to find for the nonmoving party, there is no genuine issue

13  for trial.[23]   In some cases, the evidence of the opposing party is so weak as to "fail[] to raise a

14  material issue of fact.[24]

15         The movant must carry this burden of  "identifying those parts of the record that indicate the

16  absence of a genuine issue of material fact."[25]  Once this burden is met, the non-movant is required

17  to "come forward with specific facts showing that there is a genuine issue for trial" as to elements

18

19  ─────────────────────

20      [19]  <u>Dadjo Declaration</u> ¶ 17.

21      [20]  Fed. R. Civ. P. 56(c); *Stockton Wire Products, Inc. v. K-Lath Corp.,* 440 F.2d 782 (9th Cir.
    1971).

22      [21]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L. Ed. 2d
23  202, 212 (1986).

24      [22]  *Id*. at 248.

25      [23]  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348,
    1356, 89 L. Ed. 2d 538 (1986).
26

27      [24]  *EEOC v. Farmer Bros. Co.,* 31 F.3d 891, 906 (9th Cir. 1994).

28      [25]  *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1048 (9th Cir. 1995).

─────────────────────

1  essential to the non-movant's claim.[26]  The non-movant must show more than "some metaphysical

2  doubt as to the material facts;"[27] it must "set forth specific facts showing that there is a genuine issue

3  for trial." [28]

4        The Court must resolve all disputed facts and weigh all evidence "in the light most favorable

5  to the nonmoving party."[29]  However, the nonmoving party may not rely upon mere allegations or

6  denials contained in its pleadings or briefs, but must come forward with specific facts showing the

7  presence of a genuine issue for trial.[30]  As noted above, the requirement that a "genuine" issue of fact

8  must be present has been interpreted to mean that the evidence is such that a reasonable trier of fact

9  could return a verdict for the nonmoving party.[31]  Summary judgment is more than a "disfavored

10  procedural shortcut," it is an important procedure "designed to 'secure the just, speedy and

11  inexpensive determination of every action.' Fed. R. Civ. P. 1."[32]  One of the principal purposes of

12  the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and

13  the rule should be interpreted in a way that allows it to accomplish this purpose.[33]

14                    **V.  SUMMARY OF ARGUMENT**

15  A.    The "Least Sophisticated Consumer" Standard Is Used to Analyze Violations of the FDCPA.

16  B.    Under the Strict Liability Standard of the FDCPA, Plaintiff Has Shown Numerous Violations

17         of the Act, as Seen from the Perspective of the "Least Sophisticated Consumer."

18

19       [26]  *Schneider v. TRW, Inc.,* 938 F.3d 986, 991 (9th Cir. 1990).

20       [27]  *Matsushita Elec. Indus. Co.,* 475 U.S. at 586

21       [28]  Fed. R. Civ. P. 56(e).

22       [29]  *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n,* 809 F.2d 626, 630-31
23  (9th Cir. 1987).

24       [30]  *Rieber v. Kovelman (In re Kovelman),* 1995 U.S. App. LEXIS 8487 at *2 (9th Cir. April
25  6, 1995).

26       [31]  *Anderson*, 477 U.S. at 248

27       [32]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

28       [33]  *Id.*, at 323-324.

C.  Defendant Failed to Disclose Defendant's Identity and the Nature of Defendant's Business, in Violation of 15 U.S.C. § 1692d(6).

D.  Defendant Failed to Disclose That the Communications Were from a Debt Collector, in Violation of 15 U.S.C. § 1692e(11).

E.  Defendant Has Violated the RFDCPA.

F.  Defendant Has Violated Cal. Civil Code § 1788.17.

G.  Defendant Has Violated Cal. Civil Code § 1788.11(b).

H.  This Court Should Award Plaintiff the Maximum Statutory Damage Amount of $1,000 under the FDCPA.

I.  Plaintiff Should Be Awarded $1,000 under Cal. Civil Code § 1788.30(b).

J.  Plaintiff Should Be Awarded $1,000 under Cal. Civil Code § 1788.17.

K.  Both Congress and the California Legislature Have Expressed Their Intent That the Remedies for Violations of the FDCPA and RFDCPA Be Cumulative.

L.  Plaintiff Has a Statutory Right to Attorney's Fees and Costs.

## VI.  STATEMENT OF QUESTIONS PRESENTED

Has Defendant violated the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act? If so, what is the amount of statutory damages that should be awarded to Plaintiff?

## VII.  ARGUMENT

**A.  THE "LEAST SOPHISTICATED CONSUMER" STANDARD IS USED TO ANALYZE VIOLATIONS OF THE FDCPA**

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors."[34] The statute is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt.[35] The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false,

---

[34] 15 U.S.C. § 1692(e).

[35] *Baker v. G.C. Services*, 677 F.2d 775, 777 (9th Cir. 1982).

1   deceptive or misleading statements, in connection with the collection of a debt.[36]  The FDCPA also

2   requires the debt collector to provide the consumer with a notice of his or her validation rights.[37]

3      The United States Court of Appeals for the Ninth Circuit has held that whether a

4   communication or other conduct violates the FDCPA is to be determined by analyzing it from the

5   perspective of the "least sophisticated consumer."[38]  The "least sophisticated consumer" standard

6   is objective—not subjective.[39]  Courts determine whether the "least sophisticated consumer" would

7   be misled or deceived by the statements made in a collection letter as a matter of law.[40]

8      "The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA

9   protects all consumers, the gullible as well as the shrewd."[41]  "While protecting naive consumers,

10  the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices

11  by preserving a quotient of reasonableness and presuming a basic level of understanding and

12  willingness to read with care."[42]

13     "As the FDCPA is a strict liability statute, proof of one violation is sufficient to support

14  summary judgment for the plaintiff."[43]  "Because the Act imposes strict liability, a consumer need

---

16  [36]  15 U.S.C. §§ 1692d, 1692e, and 1692f.

17  [37]  15 U.S.C. § 1692g.

18  [38]  *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988);  *Wade v.*
19  *Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996).

20  [39]  *Swanson*, 869 F.2d at 1227.

21  [40]  *Wade*, 87 F.3d at 1100;  *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1977);  *Swanson*,
22  896 F.2d at 1225-26.

23  [41]  *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

24  [42]  *U.S. v. Nat'l Fin. Servs.*, 98 F.3d 131, 136 (4th Cir. 1996) (citations omitted);  *see also*
    *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996);  *Bentley v. Great Lakes Collection Bureau*, 6
25  F.3d 60 (2nd Cir. 1993);  *Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985);  *Graziano v.*
    *Harrison*, 950 F.2d 107, 111 (3rd Cir. 1991);  *Avila v. Rubin*, 84 F.3d 222, 226-27 (7th Cir. 1996)
26  ("the standard is low, close to the bottom of the sophistication meter").

27  [43]  *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990);  *see also Stojanovski v. Strobl*
28  *& Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992);  *Riveria v. MAB Collections*, 682 F.

---

1   not show intentional conduct by the debt collector to be entitled to damages."[44]  Furthermore, the

2   question of whether the consumer owes the alleged debt has no bearing on a suit brought pursuant

3   to the FDCPA.[45]

4   It is important to note that by protecting consumers from abusive, deceptive and unfair

5   collection practices, the FDCPA insures that those debt collectors who refrain from using abusive

6   debt collection practices are not competitively disadvantaged.[46]  Moreover, the FDCPA further

7   insures that regardless of whether a consumer owes a debt, he or she will be treated in a reasonable

8   and civil manner.[47]

9   Accordingly, Plaintiff asserts that whether or not Defendant violated the FDCPA must be

10  evaluated from the standpoint of the "least sophisticated consumer."

11  **B.  UNDER THE STRICT LIABILITY STANDARD OF THE FDCPA, PLAINTIFF HAS**
**PLED NUMEROUS VIOLATIONS OF THE ACT, AS SEEN FROM THE**
12  **PERSPECTIVE OF THE "LEAST SOPHISTICATED CONSUMER"**

13  To establish a violation of the FDCPA, one need only show that: (1) Plaintiff is a consumer,

14  (2) Plaintiff has been the object of collection activity arising from a consumer debt, (3) Defendant

15  collecting the "debt" is a "debt collector" as defined in the Act, and (4) Defendant has engaged in

16  any act or omission in violation of the prohibitions or requirements of the Act.[48]  Plaintiff has pled

17  and Defendant has admitted that Defendant is a debt collector.  Further, Plaintiff is able to show that

18  he is a consumer and the debt which Defendant was attempting to collect is a consumer debt.  The

19

20  Supp. 174, 178-9 (W.D.N.Y. 1988).

21  [44] *Russell*, 74 F.3d at 33;  *see also Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d
22  1232, 1236 (5th Cir. 1997);  *Bentley*, 6 F.3d at 62;  *Clomon*, 988 F.2d at 1318.

23  [45] *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992);  *Baker*, 677 F.2d at 777.

24  [46] 15 U.S.C. § 1692(e).

25  [47] *Baker*, 677 F.2d at 777.

26  [48]  *Turner v. Cook*, 362 F.3d 1219, 1227-1228 (9th Cir. 2004);  *Romine v. Diversified*
*Collection Servs.*, 155 F.3d 1142, 1145 (9th Cir. 1998);  *De Coito v. Unifund Corp.*, 2004 U.S. Dist.
27  LEXIS 23729 at *8 (D. Haw. January 4, 2004);  *United States v. Trans Continental Affiliates*, 1997
28  U.S. Dist. LEXIS 388 at *8 (N.D. Cal. January 8, 1997).

1   remainder of this memorandum will show that the last element is also satisfied as a matter of law.

2       Because the FDCPA is a strict liability statute, proof of one violation is sufficient to defeat

3   a motion to dismiss and support summary judgment for a Plaintiff.[49]  In light of this strict liability

4   standard, a consumer need not show intentional conduct by the debt collector in order to be entitled

5   to damages,[50] and there are no unimportant violations.[51]  Further, no proof of deception or actual

6   damages is required to obtain statutory remedies.[52]

7       **1.    DEFENDANT FAILED TO DISCLOSE DEFENDANT'S IDENTITY
            AND THE NATURE OF DEFENDANT'S BUSINESS, IN VIOLATION
8           OF 15 U.S.C. § 1692d(6).**

9       15 U.S.C. § 1692d(6) provides:

10      A debt collector may not engage in any conduct the natural consequence of which
        is to harass, oppress, or abuse any person in connection with the collection of a debt.
11      Without limiting the general application of the foregoing, the following conduct is
        a violation of this section:
12                                              . . .

13      (6) Except as provided in section 15 U.S.C. § 1692b, the placement of telephone
        calls without meaningful disclosure of the caller's identity.
14

15      This Court and the Federal District Courts for the Eastern and Central Districts of California

16  have held that it is a violation of 15 U.S.C. § 1692d(6) when a debt collector "fail(s) to disclose [the

17  debt collector's] identity and the nature of [the debt collector's] business in the messages left on [a

18

19

20      [49] *See Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 1031, 1046-47 (W.D.
21  Wis. 2002) ("One false or misleading statement in a collection letter renders the entire
    communication false or misleading and constitutes one violation"); *See also Cacace*, 775 F. Supp.
22  at 505; *Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100, *4 (D. Conn. Sept. 15, 1989); *Picht v.*
23  *Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001); *Bentley*, 6 F.3d at 62.

24      [50] *See Pittman v. J.J. Mac Inttyre Co. of Nevada, Inc.*, 969 F. Supp. 609, 613 (D. Nev. 1997).
    *See also Russell*, 74 F.3d at 36 ("Because the Act imposes strict liability, a consumer need not show
25  intentional conduct by the debt collector to be entitled to damages.").

26      [51] *Bentley*, 6 F.3d at 63 (no non-actionable violations of FDCPA); *Taylor*, 103 F.3d at 1234
27  (failure "to comply with any provision of the FDCPA" leads to liability).

28      [52] *Baker*, 677 F.2d at 780.

MEMORANDUM OF POINTS AND AUTHORITIES  -9-                    Case No.  C07-05856-SC

1   consumer's] answering machine."[53]  Further, these Courts have found that 15 U.S.C. § 1692d(6)'s

2   meaningful disclosure requirement applies "equally to automated message calls and live calls."[54]

3           As described above, Defendant failed to meaningfully disclose its name and the identity of

4   its business in each of the thirteen automated messages recorded on Plaintiff's answering machine.

5   Therefore, each of these messages states a violation of the Fair Debt Collection Practices Act, 15

6   U.S.C. § 1692d(6).  As such, Plaintiff is entitled to partial summary judgment on this issue.

7           **2.      DEFENDANT FAILED TO DISCLOSE THAT THE COMMUNICATIONS
                       WERE FROM A DEBT COLLECTOR, IN VIOLATION OF 15 U.S.C. §
8                      1692e(11).**

9           15 U.S.C. § 1692e(11) states:

10  A debt collector may not use any false, deceptive, or misleading representation or
    means in connection with the collection of any debt. Without limiting the general
11  application of the foregoing, the following conduct is a violation of this section:
                                              . . .
12
    (11) The failure to disclose in the initial written communication with the consumer
13  and, in addition, if the initial communication with the consumer is oral, in that initial
    oral communication, that the debt collector is attempting to collect a debt and that
14  any information obtained will be used for that purpose, and the failure to disclose in
    subsequent communications that the communication is from a debt collector, except
15  that this paragraph shall not apply to a formal pleading made in connection with a
    legal action.
16

17  The failure to disclose clearly in all communications to the consumer that the "communication is

18  from a debt collector" constitutes a violation of the Fair Debt Collection Practices Act.[55]

19          Defendant has violated 15 U.S.C. § 1692e(11), by not providing the required disclosure in

20  each of the thirteen messages recorded on Plaintiff's answering machine, which are considered

21  _____

22      [53] *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005),
    *citing, Joseph v. J.J. Mac Intyre Companies, LLC*,  281 F. Supp. 2d 1156 (N.D. Cal. 2002);  *Costa
23  v. Nat'l Action Fin. Servs.*, 2007 U.S. Dist. LEXIS 93230 (E.D. Cal. Dec. 19, 2007);  *See also, Foti
    v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643 (S.D. N.Y. 2006);  *Belin v. Litton Loan Servicing*, 2006
24  U.S. Dist. LEXIS 47953 (M.D. Fla. July 14, 2006);  *Leyse v. Corporate Collection Servs*, 2006 U.S.
25  Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006).

26      [54] *Hosseinzadeh*, 387 F. Supp. 2d at 1111,  *citing, Joseph*,  281 F. Supp. 2d at 1163.

27      [55] 15 U.S.C. § 1692e(11);  *Emanuel v. American Credit Exchange*, 870 F.2d 805, 808 (2nd
28  Cir. 1989);  *Dutton v. Wolpoff & Abramson*, 5 F.3d 649 (3rd Cir. 1993).

MEMORANDUM OF POINTS AND AUTHORITIES -10-                    Case No.  C07-05856-SC

1  "communications" within the meaning of the Fair Debt Collection Practices Act.[56]  Therefore,

2  Plaintiff should be granted partial summary judgment on this issue.

3  **C.    DEFENDANT HAS VIOLATED NUMEROUS PROVISIONS OF THE RFDCPA.**

4         In addition to the violations of the federal Fair Debt Collection Practices Act, Plaintiff also

5  alleges several violations of the California Rosenthal Fair Debt Collection Practices Act against

6  Defendant, ENCORE RECEIVABLE MANAGEMENT, INC, a debt collector within the meaning

7  of Cal. Civil Code § 1788.2(c).[57]

8         **1.    DEFENDANT HAS VIOLATED CAL. CIVIL CODE § 1788.17.**

9         Cal. Civil Code § 1788.17 provides as follows:

10     Notwithstanding any other provision of this title, every debt collector collecting or
       attempting to collect a consumer debt shall comply with the provisions of Sections
11     1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k
       of, Title 15 of the United States Code.

12

13     As explained above, ENCORE RECEIVABLE MANAGEMENT, INC., has violated 15

14  U.S.C. §§ 1692d(6) and 1692e(11).  Each of these violations of the FDCPA states a separate

15  violation under Cal. Civil Code § 1788.17, which requires compliance with the FDCPA.[58]

16  Therefore, Plaintiff should be granted summary judgment on this issue.

17     **2.    DEFENDANT HAS VIOLATED CAL. CIVIL CODE § 1788.11(b)**

18     Cal. Civil Code § 1788.11(b) states:

19     No debt collector shall collect or attempt to collect a consumer debt by means of the
       following practices:

20                                                . . .

21     (b)  Placing telephone calls without disclosure of the caller's identity, provided that
       an employee of a licensed collection agency may identify himself by using his
22     registered alias name as long as he correctly identifies the agency he represents;

23  Cal. Civil Code § 1788.11(b) requires a debt collector to disclose that a call is from a debt collector

24

25

26     [56] *Hosseinzadeh*, 387 F. Supp. 2d at 1116.

27     [57] <u>Complaint</u> (Doc. 1) ¶ 7; <u>Schwinn Declaration</u>, Exhibit "2" Nos. 3, 4, and 5.

28     [58] *Costa*, 2007 U.S. Dist. LEXIS 93230 at *19-20.

MEMORANDUM OF POINTS AND AUTHORITIES -11-                    Case No.  C07-05856-SC

1  or on behalf of a creditor.[59]  The requirements of Cal. Civil Code § 1788.11(b) apply equally to

2  answering machine messages left by debt collectors.[60]  Therefore, Defendant was required to

3  disclose that the messages recorded on Plaintiff's answering machine were from a debt collector.

4  By failing to do so in each of the thirteen messages Defendant recorded on Plaintiff's answering

5  machine, Defendant violated the Rosenthal Fair Debt Collection Practices Act thirteen times.

6  Therefore, partial summary judgment should be granted for Plaintiff on this issue.

7  **D.     THIS COURT SHOULD AWARD PLAINTIFF THE MAXIMUM STATUTORY DAMAGE AMOUNT OF $1,000 UNDER THE FDCPA**

8

9          The maximum statutory damage award available under the Federal FDCPA is a modest

10  $1,000.  Courts have therefore awarded the maximum amount even when the violations found were

11  less numerous and egregious than those herein.  For example, in *Riviera v. M.A.B.*,[61] the court

12  awarded the maximum $1,000 because the validation notice appeared on the back of the letter, in

13  relatively small print, with no reference to it on the front of the letter.  Thus, even though the notice

14  was accurate, the court determined a $1,000 award was appropriate.  Furthermore, in *Tolentino v.*

15  *Friedman*,[62] the Seventh Circuit upheld the maximum statutory award of $1,000 despite finding that

16  only one provision of the FDCPA had been proven.  In that case the debt collector had included a

17  disclosure required 15 U.S.C. § 1692e(11) in its initial notice, but had failed to include it in a

18  subsequent notice.  The present case involves at least 4 violations of the federal FDCPA.  Thus, the

19  violations herein are more numerous and meaningful than in those cases, and therefore the Court

20  should award the maximum amount of statutory damages under 15 U.S.C. § 1692k(a)(2)(A), which

21  is $1,000.[63]

22

23     [59]  *Joseph*, 281 F. Supp. 2d at 1163.

24
25     [60]  *Hosseinzadeh*, 387 F. Supp. 2d at 1111-1112, *citing, Joseph*,  281 F. Supp. 2d at 1163.

26     [61]  682 F. Supp. 174 (W.D.N.Y. 1988).

27     [62]  46 F.3d 645 (7th Cir. 1995).

28     [63]  *Costa*, 2007 U.S. Dist. LEXIS 93230 at *19.

MEMORANDUM OF POINTS AND AUTHORITIES -12-                    Case No.  C07-05856-SC

**E.     PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL CODE § 1788.30(b).**

The Cal. Civil Code § 1788.30 states that any debt collector who fails to comply with any provision is liable to such debtor in an amount equal to his/her actual damages, and in the case of a debt collector who willfully and knowingly violates the RFDCPA, the Court may award a penalty in an amount not less than $100 nor greater than $1,000.  Cal. Civil Code § 1788.30(b).

In this case, ENCORE RECEIVABLE MANAGEMENT, INC., has violated Cal. Civil Code § 1788.11(b) which is remedied by the statutory penalty provisions of Cal. Civil Code § 1788.30. Thus, Plaintiff should be awarded the full $1,000 statutory award under Cal. Civil Code § 1788.30.

**F.     PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL CODE § 1788.17.**

In this case, ENCORE RECEIVABLE MANAGEMENT, INC., has violated Cal. Civil Code § 1788.17 which is remedied by the statutory damages provisions of 15 U.S.C. § 1692k(a)(2)(A). Thus, the Plaintiff should be awarded the full $1,000 statutory award under Cal. Civil Code § 1788.17.

**G.     BOTH CONGRESS AND THE CALIFORNIA LEGISLATURE HAVE EXPRESSED THEIR INTENT THAT THE REMEDIES FOR VIOLATIONS OF THE FDCPA AND RFDCPA BE CUMULATIVE.**

Cal. Civil Code § 1788.32 states "The remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law."  Thus, a violation of the federal statute can lead to damages under the federal FDCPA and a violation of the California statute leads to damages under the RFDCPA.  Indeed, the FDCPA expressly states:

> [t]his subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the law of any State with respect to debt collection practices, except to the extent that those laws are in consistent with any provision of this subchapter, and then only to the extent of the inconsistency. 15 U.S.C. § 1692n.

Moreover, courts both within and outside the Ninth Circuit, have allowed statutory damages

1    under both federal and state consumer protection statutes.[64]  Thus, the Court should not be reluctant

2    to assess the maximum possible statutory damages under both federal and state law.  As this Court

3    has noted, Cal. Civil Code § 1788 was amended to expand the remedies of the RFDCPA, including

4    an expansion of the statutory damages available under the state law.[65]

5        Additionally, this Court has concluded that rather than drafting new language to the

6    RFDCPA, the legislature simply incorporated entire sections of the FDCPA by reference.[66]  Indeed,

7    this Court stated "California simply incorporated by reference the text of certain federal provisions

8    into the CFDCPA, rather than copying them verbatim into the California code.  Any resulting

9    liability, however, remains a state claim."  *Id.*  In a separate case, this Court went on to hold that a

10   violation of 15 U.S.C. § 1692g was also a violation of Cal. Civil Code § 1788.17.[67]  Thus, by

11   incorporating 15 U.S.C. § 1692k by reference (and its statutory damages of $1,000), the California

12   legislature chose to make the additional $1,000 available, as a matter of state law, when it enacted

13   Cal. Civil Code § 1788.17.

14   **H.    PLAINTIFF HAS A STATUTORY RIGHT TO ATTORNEY'S FEES AND COSTS.**

15       Both the federal FDCPA and California RFDCPA direct the Court to award attorney's fees

16   to a prevailing consumer.[68]  A number of cases decided under 15 U.S.C. § 1692k have held that an

17   award of attorney fees and costs is required if the plaintiff prevails.[69]  The Court should award the

18   _____

19   [64] *Sakuma v. First National Credit Bureau*, 1989 U.S. Dist. LEXIS 19120 (D. HI. November
20   15, 1989);  *Mann v. Acclaim*, 348 F. Supp. 2d 923 (S.D. Ohio 2004);  *Chapman v. ACB Business
     Services*, Inc., 1997 U.S. Dist. LEXIS 23743 (S.D. W.V. February 13, 1997).

21   [65] *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 548 (N.D. Cal. 2005) (The mandatory
22   language in the amendment—" . . . shall be subject to the remedies in Section 1692k" leaves little
     doubt as to the intent of the legislature to broaden the remedies for RFDCPA.)

23   [66] *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004).

24   [67] *Edstrom v. A.S.A.P. Collection Services*, 2005 U.S. Dist. LEXIS 2773, *15 (N.D. Cal.
25   February 22, 2005).

26   [68] 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code § 1788.30(c).

27   [69] *See, e.g. Zagorski v. Midwest Billing Services, Inc.*, 178 F.3d 116 (7th Cir. 1997) (holding
28   it was an abuse of discretion not to award attorney's fees following a stipulated judgment in the

1  Plaintiff his reasonable attorney fees and costs incurred in this matter.

2  **VIII. CONCLUSION**

3      For the reasons set forth above, Plaintiff, as a matter of law, is entitled to partial summary

4  judgment: 1) declaring that Defendant's answering machine messages violated the Fair Debt

5  Collection Practices Act,  15 U.S.C. §§ 1692d(6) and 1692e(11);  2) declaring that Defendant's

6  answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil

7  Code §§ 1788.11(b), and 1788.17; 3) awarding Plaintiff statutory damages in an amount not

8  exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); 4) awarding Plaintiff statutory penalty

9  in an amount not less than $100 and not exceeding $1,000 pursuant Cal. Civil Code § 1788.30(b);

10  5) awarding Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C.

11  § 1692k(a)(2)(A) as incorporated by Cal. Civil Code § 1788.17; 6) awarding Plaintiff the costs of

12  this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code

13  §§ 1788.30(c) and 1788.17;  and 7) awarding Plaintiff such other and further relief as may be just

14  and proper.

15                                    CONSUMER LAW CENTER, INC.

16

17                                    By: /s/ Fred W. Schwinn
                                         Fred W. Schwinn, Esq.
18                                       Attorney for Plaintiff
                                         SAMUEL KWESI DADJO

19

20

21

22

23

24  _____

25  amount of $100; and directing the court to award fees sufficient to compensate the attorney for the
    time spent on the case in order to encourage enforcement of the FDCPA); *Pipiles v. Credit Bureau*,
26  Inc., 886 F.2d 22 (2d Cir. 1989) (directing trial court to award fees on remand despite the lack of
    actual or statutory damages because Plaintiff had demonstrated that Defendant violated the FDCPA);
27  *Perez v. Perkiss*, 742 F. Supp. 883 (D. Del. 1990) (awarding Plaintiffs' legal services attorneys
    $10,110 after a half-day jury trial in which Plaintiff was awarded $1,200 in damages).
28

MEMORANDUM OF POINTS AND AUTHORITIES  -15-                Case No.  C07-05856-SC