# Exhibit "1"

1 | Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
2 | 12 South First Street, Suite 1014
San Jose, California 95113-2418
3 | Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
4 | Email Address: fred.schwinn@sjconsumerlaw.com

5 | Attorney for Plaintiff
SAMUEL KWESI DADJO

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| SAMUEL KWESI DADJO, | Case No. C07-05856-SC |
|---|---|
| Plaintiff, | **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS PROPOUNDED TO ENCORE RECEIVABLE MANAGEMENT, INC.** |
| v. | |
| ENCORE RECEIVABLE MANAGEMENT, INC., a Kansas Corporation, | |
| Defendant. | |

TO: Encore Receivable Management, Inc.
c/o David J. Kaminski
Carlson & Messer, LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, CA 90045

**COMES NOW** the Plaintiff and pursuant to Rule 36 of the Federal Rules of Civil Procedure hereby requests Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., make the following admissions under oath and within thirty (30) days from the service of this request, for the purpose of this action only, and subject to all objections as to admissibility which may be interposed at the trial, as to the genuineness of the following described documents and/or truth of the following facts, all as hereinafter set out.

Notice is also given that each matter of which an admission is requested is admitted unless within the time specified after service of the request or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his/her

-1-

1  attorney. If objection is made, the reasons therefore shall be stated. The answer shall specifically
2  deny the matter, or set forth in detail the reasons why the answering party cannot truthfully admit
3  or deny the matter. A denial shall fairly meet the substance of the requested admission, and when
4  good faith requires that a party qualify his/her answer to deny only a part of the matter of which an
5  admission is requested, that party shall specify so much of it as is true and qualify or deny the
6  remainder. An answering party may not give lack of information or knowledge as a reason for
7  failure to admit or deny unless s/he states that s/he has made reasonable inquiry and that the
8  information known or readily obtainable by him/her is insufficient to enable him/her to admit or
9  deny. A party who considers that a matter of which an admission has been requested presents a
10 genuine issue for trial may not, on that ground alone, object to the request; s/he may, subject to the
11 provision of Rule 37(c) of the Federal Rule of Civil Procedure, deny the matter or set forth reasons
12 why he cannot admit or deny it.

13 Any admission made by a party is for the purpose of this action only and is not an admission
14 by him/her for any other purpose and may not be used against him/her in any other proceeding.

15 Notice is also given that under the provisions of Rule 37(c)(2) of the Federal Rule of Civil
16 Procedure if a party fails to admit the genuineness of any documents or the truth of any matter, as
17 requested under Rule 36 of the Federal Rules of Civil Procedure, and if the party requesting the
18 admission thereafter proves the genuineness of the document or the truth of the matter, that party
19 may apply to the Court for an order requiring the other party to pay the reasonable expenses incurred
20 in making such proof, including a reasonable attorney fee.

## DEFINITIONS

22 As used herein, the terms listed below are defined as follows:
23 A. The term "Complaint" refers to Plaintiff's Complaint in the above styled action.
24 B. The term "Answer" refers to Defendant's Answer in the above styled action.
25 C. The terms "person" or "persons" shall mean all entities, including but not limited to
26    individuals, groups or associations however formed.
27 D. The term "you" refers to Defendant, ENCORE RECEIVABLE MANAGEMENT, INC.,
28    including all past and current employees and agents of this Defendant, and any individual

-2-

1   over which this Defendant exercises the power to control and direct.
2   E.   The term "the debt" refers to the obligation which you were attempting to collect from the
3   Plaintiff.

## ADMISSIONS REQUESTED

1. Plaintiff, SAMUEL KWESI DADJO, is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

2. Plaintiff, SAMUEL KWESI DADJO, is a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

3. Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

4. The principal business of Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., is the collection of consumer debts owed or alleged to be owed to another.

5. Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., regularly collects or attempts to collect consumer debts on behalf of its clients.

6. Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c).

7. The financial obligation owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

9. Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., was attempting to collect a financial obligation owed by Plaintiff on April 10, 2007.

10. Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., was attempting to collect a financial obligation owed by Plaintiff on April 11, 2007.

11. Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., was attempting to collect a financial obligation owed by Plaintiff on April 12, 2007.

12. Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., was attempting to collect a financial obligation owed by Plaintiff on April 13, 2007.

-3-

FIRST REQUEST FOR ADMISSIONS                                    Case No. C07-05856-SC

13. Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., was attempting to collect a financial obligation owed by Plaintiff on April 14, 2007.

14. Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., was attempting to collect a financial obligation owed by Plaintiff on April 17, 2007.

15. Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., was attempting to collect a financial obligation owed by Plaintiff on April 18, 2007.

16. Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., was attempting to collect a financial obligation owed by Plaintiff on April 19, 2007.

17. Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., was attempting to collect a financial obligation owed by Plaintiff on April 30, 2007.

18. Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., used the telephone number 866-802-6985 during April of 2007.

19. Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., received telephone calls at the telephone number 866-802-6985 during April of 2007.

20. Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., used an automated process to record answering machine messages during April of 2007.

CONSUMER LAW CENTER, INC.

By: _____
Fred W. Schwinn (SBN 225575)
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email: fred.schwinn@sjconsumerlaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned, Fred W. Schwinn, does hereby certify that he caused a true and correct copy of the above and foregoing document to be deposited in the United States mail, postage prepaid, addressed to the following:

> David J. Kaminski
> Carlson & Messer, LLP
> 5959 W. Century Boulevard, Suite 1214
> Los Angeles, CA  90045
>     Attorney for Defendant

on this, the 20th day of February, 2008.

_____
Fred W. Schwinn

---

FIRST REQUEST FOR ADMISSIONS         -5-         Case No. C07-05856-SC