# Exhibit “2”

DAVID J. KAMINSKI, ESQ. (SBN #128509)
STEPHEN A. WATKINS, ESQ. (SBN #205175)
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
ENCORE RECEIVABLE MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL KWESI DADJO,<br><br>Plaintiff,<br><br>vs.<br><br>ENCORE RECEIVABLE MANAGEMENT, INC., a Kansas corporation,<br><br>Defendant. | CASE NO. C 07 05856 SC<br><br>[Complaint Filed: 11/19/07]<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS**<br><br>Judge: Hon. Samuel Conti<br>Courtroom 1 |

PROPOUNDING PARTY: Plaintiff, SAMUEL KWESI DADJO

RESPONDING PARTY: Defendant, ENCORE RECEIVABLE MANAGEMENT, INC.

SET NUMBER: ONE

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant answers the following Requests for Admissions:

This responding party has not fully completed its investigation of the facts relating to this case, have not fully completed its discovery in this action, and has not fully completed its preparation for trial. All of the responses contained based only upon such information and documents presently available to and specifically known to this responding party and disclose only

those contentions which are presently known to this responding party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual and legal conclusions, all of which may lead to substantial additions to, changes and variations from the contentions set forth herein.

The following responses are given without prejudice to this responding party's right to produce any evidence of any undiscovered fact or facts which this responding party may later recall or locate. Responding party accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known but should in no way be to the detriment of this responding party in relation to further discovery. It should further be noted that these discovery responses are made solely for the purpose of this action.

**REQUESTS FOR ADMISSIONS AND RESPONSES**

**REQUEST FOR ADMISSION NO. 1**:

Plaintiff, SAMUEL KWESI DADJO, is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

**RESPONSE TO REQUEST FOR ADMISSION NO. 1**:

After reasonable inquiry, the information known or readily obtainable by Encore is insufficient to enable Encore to either admit or deny Plaintiff's Request for Admissions No. 1 and, therefore, Encore denies the request for the present time.

**REQUEST FOR ADMISSION NO. 2**:

Plaintiff, SAMUEL KWESI DADJO, is a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**:

After reasonable inquiry, the information known or readily obtainable by Encore is insufficient to enable Encore to either admit or deny Plaintiff's Request for Admissions No. 2 and, therefore, Encore denies the request for the present time.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**REQUEST FOR ADMISSION NO. 3**:

Defendant, ENCORE RECEIVABLE MANAGEMENT, INC. is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**:

Encore admits to being a debt collector as defined by the Fair Debt Collection Practices Act, but denies that Plaintiff is entitled to any recovery herein.

**REQUEST FOR ADMISSION NO. 4**:

The principal business of Defendant, ENCORE RECEIVABLE MANAGEMENT, INC. is the collection of consumer debts owed or alleged to be owed to another.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**:

Encore admits that it is in the business of the collection of debts on behalf of its clients, but denies that Plaintiff is entitled to any recovery herein.

**REQUEST FOR ADMISSION NO. 5**:

Defendant, ENCORE RECEIVABLE MANAGEMENT, INC. regularly collects or attempts to collect consumer debts on behalf of its clients.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**:

Encore admits that it is in the business of the collection of debts on behalf of its clients, but denies that Plaintiff is entitled to any recovery herein.

**REQUEST FOR ADMISSION NO. 6**:

Defendant, ENCORE RECEIVABLE MANAGEMENT, INC. is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c).

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**:

Encore admits that it is in the business of the collection of debts on behalf of its clients, but denies that Plaintiff is entitled to any recovery herein.

**REQUEST FOR ADMISSION NO. 7**:

The financial obligation owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. 1692a(5).

///

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**:

Encore objects to Plaintiff's Request for Admissions No. 7 because said request calls for a legal conclusion and, therefore, is denied.

**REQUEST FOR ADMISSION NO. 8**:

The financial obligation owed by Plaintiff is a " consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**:

Encore objects to Plaintiff's Request for Admissions No. 8 because said request calls for a legal conclusion and, therefore, is denied.

**REQUEST FOR ADMISSION NO. 9**:

Defendant, ENCORE RECEIVABLE MANAGEMENT, INC. was attempting to collect a financial obligation owed by Plaintiff on April 10, 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**:

Responding party objects to the request as vague and ambiguous with respect to the term "attempting to collect." Subject to and without waiving the foregoing objection, responding party states: After reasonable inquiry, the information known or readily obtainable by Encore is insufficient to enable Encore to either admit or deny the request and, therefore, Encore denies the request for the present time.

**REQUEST FOR ADMISSION NO. 10**:

Defendant, ENCORE RECEIVABLE MANAGEMENT, INC. was attempting to collect a financial obligation owed by Plaintiff on April 11, 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**:

Responding party objects to the request as vague and ambiguous with respect to the term "attempting to collect." Subject to and without waiving the foregoing objection, responding party states: After reasonable inquiry, the information known or readily obtainable by Encore is insufficient to enable Encore to either admit or deny the request and, therefore, Encore denies the request for the present time.

///

**REQUEST FOR ADMISSION NO. 11**:

Defendant, ENCORE RECEIVABLE MANAGEMENT, INC. was attempting to collect a financial obligation owed by Plaintiff on April 12, 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**:

Responding party objects to the request as vague and ambiguous with respect to the term "attempting to collect." Subject to and without waiving the foregoing objection, responding party states: After reasonable inquiry, the information known or readily obtainable by Encore is insufficient to enable Encore to either admit or deny the request and, therefore, Encore denies the request for the present time.

**REQUEST FOR ADMISSION NO. 12**:

Defendant, ENCORE RECEIVABLE MANAGEMENT, INC. was attempting to collect a financial obligation owed by Plaintiff on April 13, 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**:

Responding party objects to the request as vague and ambiguous with respect to the term "attempting to collect." Subject to and without waiving the foregoing objection, responding party states: After reasonable inquiry, the information known or readily obtainable by Encore is insufficient to enable Encore to either admit or deny the request and, therefore, Encore denies the request for the present time.

**REQUEST FOR ADMISSION NO. 13**:

Defendant, ENCORE RECEIVABLE MANAGEMENT, INC. was attempting to collect a financial obligation owed by Plaintiff on April 14, 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**:

Responding party objects to the request as vague and ambiguous with respect to the term "attempting to collect." Subject to and without waiving the foregoing objection, responding party states: After reasonable inquiry, the information known or readily obtainable by Encore is insufficient to enable Encore to either admit or deny the request and, therefore, Encore denies the request for the present time.

///

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**REQUEST FOR ADMISSION NO. 14**:

Defendant, ENCORE RECEIVABLE MANAGEMENT, INC. was attempting to collect a financial obligation owed by Plaintiff on April 17, 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14**:

Responding party objects to the request as vague and ambiguous with respect to the term "attempting to collect." Subject to and without waiving the foregoing objection, responding party states: After reasonable inquiry, the information known or readily obtainable by Encore is insufficient to enable Encore to either admit or deny the request and, therefore, Encore denies the request for the present time.

**REQUEST FOR ADMISSION NO. 15**:

Defendant, ENCORE RECEIVABLE MANAGEMENT, INC. was attempting to collect a financial obligation owed by Plaintiff on April 18, 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**:

Responding party objects to the request as vague and ambiguous with respect to the term "attempting to collect." Subject to and without waiving the foregoing objection, responding party states: After reasonable inquiry, the information known or readily obtainable by Encore is insufficient to enable Encore to either admit or deny the request and, therefore, Encore denies the request for the present time.

**REQUEST FOR ADMISSION NO. 16**:

Defendant, ENCORE RECEIVABLE MANAGEMENT, INC. was attempting to collect a financial obligation owed by Plaintiff on April 19, 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16**:

Responding party objects to the request as vague and ambiguous with respect to the term "attempting to collect." Subject to and without waiving the foregoing objection, responding party states: After reasonable inquiry, the information known or readily obtainable by Encore is insufficient to enable Encore to either admit or deny the request and, therefore, Encore denies the request for the present time.

/ / /

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**REQUEST FOR ADMISSION NO. 17**:

Defendant, ENCORE RECEIVABLE MANAGEMENT, INC. was attempting to collect a financial obligation owed by Plaintiff on April 30, 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17**:

Responding party objects to the request as vague and ambiguous with respect to the term "attempting to collect." Subject to and without waiving the foregoing objection, responding party states: After reasonable inquiry, the information known or readily obtainable by Encore is insufficient to enable Encore to either admit or deny the request and, therefore, Encore denies the request for the present time.

**REQUEST FOR ADMISSION NO. 18**:

Defendant, ENCORE RECEIVABLE MANAGEMENT, INC. used the telephone number 866-802-6985 during April of 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18**:

After reasonable inquiry, the information known or readily obtainable by Encore is insufficient to enable Encore to either admit or deny the request and, therefore, Encore denies the request for the present time.

**REQUEST FOR ADMISSION NO. 19**:

Defendant, ENCORE RECEIVABLE MANAGEMENT, INC. received telephone calls at the telephone number 866-802-6985 during April of 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19**:

After reasonable inquiry, the information known or readily obtainable by Encore is insufficient to enable Encore to either admit or deny the request and, therefore, Encore denies the request for the present time.

**REQUEST FOR ADMISSION NO. 20**:

Defendant, ENCORE RECEIVABLE MANAGEMENT, INC. used an automated process to record answering machine messages during April of 2007.

/ / /

/ / /

**RESPONSE TO REQUEST FOR ADMISSION NO. 20**:

Responding party objects to the request as vague and ambiguous and uncertain with respect to the terms "automated process," "record" and "answering machine messages." Subject to and without waiving the foregoing objection, responding party states: Denied.

DATED: April 3, 2008

CARLSON & MESSER LLP

By [signature]
David J. Kaminski, Esq.
Stephen A. Watkins, Esq.
Attorneys for Defendant,
ENCORE RECEIVABLE MANAGEMENT, INC.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. my business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, California 90045.

On **April 3, 2008,** I served the foregoing document(s) described as **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS** on all interested parties in this action by:

**SEE ATTACHED SERVICE LIST**

[ ] **BY ELECTRONIC MAIL** : Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ X ] **BY MAIL**: I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[] **BY FACSIMILE**: On the date set forth below, at approximately _____., I transmitted the above document(s) from facsimile machine number (310)242-2222, in compliance with transmission as provided in California Rule of Court 2008. The fax number(s) that I used are shown above or on the attached Service List, along with the names of recipients and the interested parties. The Facsimile Machine I used complied with California Rule of Court 2003(3). The transmission was reported as complete and without error by the machine, which properly issued the transmission report.

[ ] **BY PERSONAL SERVICE BY HAND**: I personally served said document(s) on the date set forth below, by personally hand serving the aforementioned document to (See Service List)

[] **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**[X]** **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **3rd day of April, 2008**, at Los Angeles, California.

Deborah A. Nash

**SERVICE LIST**
**Samuel Kwest Dadjo v. Encore Receivable Management, Inc.**
**Our File No . 05704.00**

Fred W. Schwinn, Esq.
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 416
San Jose, CA 95113-2404
Phone: (408) 294-6100
Fax: (408) 294-6190

**Attorneys for Plaintiff SAMUEL KWEST DADJO**